## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** No. 19-2251 _____   _____ Caption [use short title] _____

**Motion for:** To Dismiss This Appeal and To Consider Sanctions

_____

_____

Set forth below precise, complete statement of relief sought:

The motion is to dismiss this appeal and to have this

Court consider ordering sanctions against the Boocks

or at least notifying them that filing future frivolous

appeals, motions, or papers might result in sanctions.

_____

_____

**U.S. Securities & Exchange Comm'n v. Boock**

**MOVING PARTY:** U.S. Securities and Exchange Commission   **OPPOSING PARTY:** Irwin Boock, Birte Boock

☑ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner    ☑ Appellee/Respondent

**MOVING ATTORNEY:** Dina B. Mishra   **OPPOSING ATTORNEY:** Irwin Boock, Birte Boock (pro se)

[name of attorney, with firm, address, phone number and e-mail]

U.S. Securities and Exchange Commission      P.O. Box 8173 RPO Concourse

100 F Street NE, Washington DC 20549-9040    North York, Ontario, Canada

(202) 551-8225  mishrad@sec.gov          (416) 689-9976

Court- Judge/ Agency appealed from: U.S. District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☑ No (explain): Opposing parties are proceeding pro se, not represented by counsel.

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

_____

_____

_____

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Dina B. Mishra_____ **Date:** 09/24/2019_____ Service by: ☐ CM/ECF ☑ Other [Attach proof of service]

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
$\qquad$ Plaintiff-Appellee,

v.

IRWIN BOOCK, BIRTE BOOCK,
$\qquad$ Defendants-Appellants,

STANTON B.J. DEFREITAS, NICOLETTE D.
LOISEL, ROGER L. SHOSS, JASON C. WONG,
ALENA DUBINSKY, 1621566 ONTARIO, INC.,
A CORPORATION,
$\qquad$ Defendants.

No. 19-2251

## SECURITIES AND EXCHANGE COMMISSION'S
## MOTION TO DISMISS THIS APPEAL AND TO CONSIDER SANCTIONS

This appeal concerns the latest and most frivolous of *pro se* appellants' series of

attempts to vacate judgments of securities fraud against them. This is Irwin Boock's

third appeal, and his wife Birte Boock's second, in this case. This Court rejected their

prior appeals in unpublished orders for failure to timely appeal, waiver of appellate

review, and waiver of their only appellate defense, declaring their arguments to be

"without merit." Summary Order (Doc. #56-1) at 1-3, *SEC v. Boock*, No. 18-700 (2d

Cir. Feb. 6, 2019); Order (Doc. #48) at 1-2, *SEC v. Boock*, No. 15-950 (2d Cir. Aug. 13,

2015). The Boocks now appeal from a district court order refusing to grant leave to

file a motion to reconsider the court's order denying a successive Rule 60(b) motion.

Before these latest proceedings, the Tenth Circuit rejected, as frivolous, the Boocks' appeal from an order denying reconsideration of denial of a similarly successive Rule 60(b) motion to vacate securities-fraud judgments against them entered in an action brought in the District of Colorado. Order at 3-6 & n.5, *SEC v. Boock*, No. 18-1321 (10th Cir. Feb. 11, 2019). The Tenth Circuit denied the Boocks *in forma pauperis* status because, the court concluded, the appeal "[was] not taken in good faith and … the Boocks … failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Id.* at 6 n.5.

This Court should follow the Tenth Circuit's lead, find that the Boocks' appeal was not taken in good faith and is frivolous, and dismiss this appeal. The Commission also respectfully suggests, pursuant to Federal Rule of Appellate Procedure 38, that this Court consider ordering sanctions against the Boocks or at least notifying them that filing future frivolous appeals, motions, or papers might result in sanctions, given the burdens on judicial and party resources and the delays in judgment collection that their vexatious filings have imposed.

## BACKGROUND

Irwin Boock orchestrated, and his wife Birte profited from, a fraudulent scheme with various co-defendants to "hijack" publicly traded companies and then offer and sell unregistered securities in them in violation of antifraud and registration provisions of the federal securities laws. *See* District Court Docket Entry ("DE") 241 at 2, *available at* 2015 WL 4605286, at *1; DE217 at 2, *available at* 2015 WL 223778, at

2

*1; DE172 at 2, *available at* 2012 WL 3133638, at *1. In 2009, the Commission commenced this civil enforcement action in the U.S. District Court for the Southern District of New York (Cote, J.). DE1. The Boocks defaulted in 2010 (*see* DE35) and later sought to set aside those defaults (DE63; DE64), but then resisted court orders and discovery obligations, resulting in a series of district court orders against them including a finding of contempt (DE113; DE117; DE118; DE121; DE123; DE130). The Boocks also did not cure their default by filing a response to the complaint, even after the district court afforded Birte an additional opportunity to do so. DE123 at 3; DE130 at 2. Accordingly, the district court in 2011 did not set aside the defaults (DE130 at 2), and instead—after remedies proceedings—entered three judgments against the Boocks in 2012 and January and July 2015 (DE174; DE218; DE242). Birte never appealed from those judgments, and this Court dismissed Irwin's appeal from them as untimely and procedurally defective. Order (Doc. #48) at 1-2, *SEC v. Boock*, No. 15-950 (2d Cir. Aug. 13, 2015).

Over two years later, the Boocks moved for relief from the judgments under Federal Rule of Civil Procedure 60(b)(4), asserting an alleged change in law pertaining to a statute-of-limitations defense (DE249; DE250) that this Court on appeal held the Boocks had waived when they defaulted (Summary Order (Doc. #56-1) at 2-3, *SEC v. Boock*, No. 18-700 (2d Cir. Feb. 6, 2019) (appeal was "without merit")). Less than a week after this Court's decision, the Tenth Circuit rejected, and denied *in forma pauperis* status for, a successive Rule-60(b)-motion-denial appeal by the Boocks as "not taken

3

in good faith" and lacking of any "reasoned, nonfrivolous argument on the law and facts." Order at 3-6 & n.5, *SEC v. Boock*, No. 18-1321 (10th Cir. Feb. 11, 2019).[1]

Later that same month, in February 2019, the Boocks filed another Rule 60(b) motion in the S.D.N.Y. action, this one under Rule 60(b)(6). DE264. The motion argued only that, in light of Irwin's desire to settle this case due to Birte's health concerns, he had been "trick[ed]" into "giving perjured testimony" admitting his guilt in a deposition in the hopes of achieving settlement, and that the Boocks were not earlier aware of the potential legal consequences of such alleged actions. *Id.* at 1-4.

The district court denied this motion in May 2019, finding that it was untimely, not properly premised on Rule 60(b)(6), and unsupported by any "extraordinary circumstance" justifying relief; that the evidence amply supported the judgments against the Boocks; and that, in 2011, the court had rejected the factual predicate of the Boocks' new Rule 60(b) motion—that the Commission counsel had tricked Irwin into admitting his liability. DE269 at 3-6, *available at* 2019 WL 2074725, at *2 (citing

---

[1] The Tenth Circuit appeal was from denial of the Boocks' motions to reconsider a denial of their second set of Rule 60(b) motions to vacate consent judgments that were entered over fifteen years earlier in an action arising out of another fraudulent securities scheme. Order at 1-3 & n.2, *SEC v. Boock*, No. 18-1321 (10th Cir. Feb. 11, 2019). Shortly after the Tenth Circuit rejected that appeal, the Boocks filed a third set of Rule 60 motions for relief from those judgments, which the district court in Colorado denied as improperly relitigating claims already denied in the prior appeal. Dkt.#201, No. 1:00-cv-1921 (D. Colo. May 13, 2019). That order warned the Boocks that appropriate sanctions would follow "if they persist in engaging in abusive litigation tactics by filing repetitive motions raising the same claims for relief." *Id.* at 8. The Boocks have not appealed that order.

4

DE145 at 6 n.2, *available at* 2011 WL 3792819, at *1 n.2, which recounts Irwin's

deposition testimony "that the SEC had made no promises to him in exchange for his

admissions, that he was not under duress, and that his admissions were not related to

his or his wife's health conditions" (citing DE78-1 at 5-7 (Tr.4-6)).  The May 2019

order also required the Boocks to seek leave of court to file any additional motions in

this case related to the 2012 and 2015 judgments.  *Id.* at 6.

In July 2019, the Boocks sought leave to move to reconsider the May 2019

order (DE270; DE270-1), which the court quickly denied because that

reconsideration motion "failed to raise any issue of law or fact overlooked by the May

[2019] opinion."  DE271 at 1-2.

The Boocks appealed, designating for review only the order denying leave to

seek reconsideration.  DE273.  They also sought to appeal *in forma pauperis*, listing one

issue: whether denial of leave to seek reconsideration was error.  DE272 at 1; *see* Doc.

#6 (2d Cir. July 24, 2019); Doc. #15 (2d Cir. Aug. 19, 2019).

## ARGUMENT

### I.      This appeal should be dismissed.

The statute that authorizes proceedings *in forma pauperis* provides that

"[n]otwithstanding any filing fee, or any portion thereof, that may have been paid,"

the Court "shall dismiss the case at any time" if the Court determines that "the …

appeal … is frivolous."  28 U.S.C. § 1915(e).  This appeal easily satisfies that standard,

as it "lacks an arguable basis either in law or in fact."  *Pillay v. INS*, 45 F.3d 14, 15-17

5

(2d Cir. 1995) (per curiam). Denial of a Rule 60(b) motion, of reconsideration thereof, or of leave to file such a reconsideration motion, is reviewed for abuse of discretion. *See Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (per curiam); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713-714 (2d Cir. 2019). The district court acted well within its discretion in denying the Boocks' latest attempts to delay this litigation through the filing of serial and vexatious motions.

The district court's order denying the Boocks' request for leave to file the reconsideration motion was amply justified. That motion "failed to raise any issue of law or fact overlooked by" the opinion denying the Boocks' successive Rule 60(b) motion (DE271 at 1), which itself argued only a previously rejected claim (*see* DE269 at 5-6). The Boocks' litigation history—including their resistance of court orders and discovery obligations, their filing of repetitious, meritless post-judgment-relief motions, and their frivolous filings in other courts, as described above—firmly supports denying them leave to file yet another such motion. *See, e.g., Eliahu*, 919 F.3d at 713-715 (history of "vexatious" or "duplicative" litigation, absence of objective good faith expectation of prevailing, and unnecessary burden imposed on the court or other parties support barring future related filings); *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984) (per curiam) (appeal from Rule 60(b) motion denial on "third trip to this Court" that sought "to relitigate" an already-decided issue was "frivolous"). And even if that decision were somehow in error, such an error would have been harmless

6

given that the motion provided no basis for the court to reconsider its rejection of the Boocks' latest Rule 60(b) motion. DE271 at 1; *see Moreno-Cuevas v. Huntington Learning Ctr.*, 501 F. App'x 64, 66 (2d Cir. 2012) (unpublished) (citing, *e.g.*, *Zerman*, 751 F.2d at 84-85).

Although the merits of the district court's order denying the Boocks' successive Rule 60(b) motion are not before the Court, there is nonetheless no nonfrivolous basis on which the Boocks could challenge that ruling. For one thing, the motion was untimely. *See* DE269 at 3-4. Its allegations of "fraud …, misrepresentation, or misconduct by an opposing party" fall within Rule 60(b)(3), but the Boocks filed their motion well outside the one-year post-judgment time limitation for such a motion (Fed. R. Civ. P. 60(c)). They cannot "use Rule 60(b)(6) to circumvent" that time limit because Rule 60(b)(3) and Rule 60(b)(6) are "'mutually exclusive" such that the latter's relief cannot be granted for conduct that generally falls under the former. *Stevens v. Miller*, 676 F.3d 62, 67-68 (2d Cir. 2012). They have shown no "extraordinary circumstance" suggesting that they are "faultless in the delay." *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Their purportedly new awareness of the longstanding legal concept they invoke is unavailing. And they were clearly aware of their motion's factual basis even before the judgments had been entered (DE269 at 5): the district court's 2011 opinion expressly rejected the claim, based on Irwin's affidavit, that Irwin was tricked into giving false testimony admitting his liability. DE145 at 6 n.2 (citing DE78-1 at 5-7). Thus, their motion also was not

filed "within a reasonable time." Fed. R. Civ. P. 60(c); *see, e.g.*, *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001).

In any event, the Boocks' baseless assertion of "fraud on the court" would be insufficient to support even a timely motion. "Fraud upon the court" requires more than "fraud on an adverse party" or even allegations of perjury by a witness; it "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *E.g.*, *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) (per curiam) (citation and quotation marks omitted). Far from meeting that standard, the Boocks' motion, if credited, supports knowing malfeasance by Irwin, who claims to have given false testimony in an attempt to curry a favorable settlement with the Commission. *See* DE264 at 2. And Irwin's admission of guilt is ultimately immaterial to the district court's liability judgments against the Boocks, which were entered as a consequence of the Boocks' failure to cure their defaults (*see* DE130 at 1-2).

## II. Sanctions should be considered.

The Commission respectfully suggests, pursuant to Federal Rule of Appellate Procedure 38, consideration of an order of sanctions against the Boocks for this frivolous appeal, particularly in light of their previous filings. Their arguments are "'totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence.'" *Galin v. Hamada*, 753 F. App'x 3, 8-

9 (2d Cir. 2018) (unpublished) (quoting *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381 (2d Cir. 1982) (per curiam)). Moreover, the timing of their repetitious, ill-developed filings for relief from long-final judgments suggests intent to delay the collection of judgments that the Commission has been pursuing in Canadian courts. *See* DE267 at 9 & n.6.[2] The filings here—founded on an already-rejected ground and filed shortly after two circuits rejected their other dilatory appeals (the Tenth Circuit, by finding one frivolous)—exemplify these points. Sanctions are needed to preserve judicial and government resources otherwise wasted to address such filings. *See, e.g.*, *Zerman*, 751 F.2d at 83, 85 (ordering damages and double costs for a frivolous appeal from a Rule 60(b) motion's denial). At a minimum, the Boocks should be formally notified that any further filings of frivolous appeals, motions, or papers might result in sanctions.

---

[2] On February 20, 2019, in *SEC v. Boock*, No. CV-09-384576, and *SEC v. Boock*, No. CV-14-509566, the Ontario Superior Court of Justice in Canada granted the Commission's motions for summary judgment against the Boocks and declared that the judgments against them will survive any discharge in bankruptcy. The judgments against the Boocks were issued and entered by the court on April 12, 2019. The Commission is in the process of applying to the court to release funds that will satisfy a portion of the judgments entered against them in this action and the District of Colorado action.

## CONCLUSION

The appeal should be dismissed and sanctions should be considered.

Respectfully submitted,

MICHAEL A. CONLEY
*Solicitor*

DOMINICK V. FREDA
*Assistant General Counsel*

/s/ Dina B. Mishra
DINA B. MISHRA
*Senior Counsel*
Securities and Exchange Commission
100 F Street, NE
Washington, DC  20549-9040
(202) 551-8225
mishrad@sec.gov

September 24, 2019

10

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,359 words. I further certify that this motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it uses a proportionally spaced, 14-point typeface.

/s/ Dina B. Mishra
DINA B. MISHRA

## CERTIFICATE OF SERVICE

I certify that on September 24, 2019, I electronically filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the Second Circuit by using the Court's CM/ECF system. I further certify that on September 24, 2019, I served two copies of the foregoing motion upon Appellants by sending it via U.S. mail to the following address:

Irwin Boock
Birte Boock
P.O. Box 8173 RPO Concourse
North York, Ontario
Canada

/s/ Dina B. Mishra
DINA B. MISHRA